# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELPHONSO DERRAY BRADLEY, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75571

**FILED**

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of: (1) conspiracy to commit home invasion, (2) invasion of the home while in possession of a deadly weapon, (3) conspiracy to commit burglary, (4) burglary while in possession of a firearm, (5) robbery with use of a deadly weapon, (6) grand larceny of firearm, (7) two counts attempted grand larceny of firearm, and (8) ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Delphonso Bradley, Jr., and his codefendant and brother, Johnathan Bradley, were arrested following a robbery that occurred at an apartment complex in Las Vegas, Nevada. On the day of the crime, the victim, a Las Vegas Metropolitan Police Department (LVMPD) academy recruit, returned to his apartment to find a person pushing against his door from the inside. Unable to enter his apartment, and hearing a commotion inside, he ran to his balcony where he saw a man hop over the balcony and run away. As he chased the man, he witnessed him drop his cell phone. The victim eventually gave up the chase and returned to his apartment where he saw a second man trying to hop over his balcony towards him. When he confronted that man, the man pointed a gun at him

*19-13775*

before retreating. The victim then called the police, who arrived shortly thereafter, and the victim directed them to the location where he saw the cell phone drop.

LVMPD searched the phone and were able to discover that it belonged to Delphonso. The victim also positively identified Delphonso in a photo lineup. Further, on the same day the robbery occurred, an LVMPD detective interviewed Delphonso's girlfriend, Kayee Gnindjiw, who stated that Delphonso and Johnathan arrived at her apartment that afternoon sweating and that Johnathan had a handgun on his waist that he said he took. Johnathan told Kayee that Jonathan "had robbed someone." She also stated that Delphonso told her that person they robbed "was a police officer," he was worried his fingerprints would be found at the scene, and that he had dropped his cell phone. Finally, she stated that Johnathan asked her to go to the apartment complex where the robbery occurred to retrieve his vehicle, but the police were already present when she arrived at the complex. The State was able to present evidence of these statements during Kayee's testimony at trial.

Following a four-day jury trial, Delphonso was convicted on all counts. He appeals, arguing solely that the district court committed plain error under *Bruton v. United States*, 391 U.S. 123 (1968), by permitting Kayee's testimony regarding the statements Johnathan, a nontestifying codefendant, made to her. However, Delphonso failed to object to Kayee's testimony during the trial, thus waiving this argument on appeal absent a showing of plain error. *See Browning v. State*, 124 Nev. 517, 533, 188 P.3d 60, 71 (2008) ("Generally, the failure to object precludes appellate review absent plain error.").

"To amount to plain error, the error must be so unmistakable that it is apparent from a casual inspection of the record." *Martinorellan v. State*, 131 Nev. 43, 49, 343 P.3d 590, 593 (2015) (internal quotation marks omitted). Whether the unpreserved error is constitutional in nature does not change the way in which we review the issue. *Id.* at 48, 343 P.3d at 593 (holding that "all unpreserved errors are to be reviewed for plain error without regard as to whether they are of constitutional dimension"). The appellant bears the burden of showing "that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* at 49, 343 P.3d at 493 (internal quotation marks omitted).

We conclude that Johnathan's statements were not a *Bruton* violation because they did not "expressly incriminate[ ]" Delphonso. *Byford v. State*, 116 Nev. 215, 229, 994 P.2d 700, 710 (2002) ("*Bruton* holds that a nontestifying defendant's admission which expressly incriminates another defendant cannot be used at a joint trial."). Kayee testified that Johnathan said that *he* robbed someone and took the gun. These statements only became incriminating to Delphonso when linked with other evidence presented at trial, such as the discovery of Delphonso's cell phone at the crime scene and Delphonso's statement that the person robbed "was a police officer. *See Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (explaining that a statement that does not incriminate a codefendant on its face, but becomes incriminating "when linked with evidence introduced later at trial," is not forbidden under *Bruton*); *see also Gray v. Maryland*, 523 U.S. 185, 195 (1998) ("*Richardson* placed outside the scope of *Bruton*'s rule those statements that incriminate inferentially.").

Further, even if Johnathan's statements did expressly incriminate Delphonso, they were made in furtherance of a conspiracy. *See*

*United States v. McCown*, 711 F.2d 1441, 1448 (9th Cir. 1983) (noting that *Bruton* was inapplicable because the codefendant's statements implicating the defendant was "made . . . in furtherance of a conspiracy"). The evidence shows that the two brothers had just returned from committing the crime and that Kayee intended to retrieve the vehicle they used to commit the crime. Any statement made by either Johnathan or Delphonso was, therefore, in furtherance of the conspiracy to commit a crime. *See Foss v. State*, 92 Nev. 163, 167, 547 P.2d 688, 691 (1976) ("The duration of a conspiracy is not limited to the commission of the principal crime, but can continue during the period when conspirators perform affirmative acts of concealment.").[1]

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[1]We further conclude that any error would have been harmless because Delphonso has failed to demonstrate how the admission of Kayee's testimony regarding Johnathan's statements contributed to his conviction. *See Patterson v. State*, 129 Nev. 168, 178, 298 P.3d 433, 440 (2013) ("An error is harmless if this court can determine, beyond a reasonable doubt, that the error did not contribute to the defendant's conviction.").

cc: Hon. Valerie Adair, District Judge
Mueller Hinds & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk